The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn and the briefs and arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award except for minor modifications. The Full Commission therefore affirms the Opinion and Award of the Deputy Commissioner with minor modifications.
 ***********
The parties entered into the following stipulations:
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between Wal-Mart Stores and the plaintiff at all relevant times herein.
3. The Insurance Company of the State of Pennsylvania was the workers' compensation carrier at all relevant times herein.
4. Plaintiff's average weekly wage will be determined from a Form 22 to be provided by defendants and the evidence in this matter.
5. The issues to be determined from this hearing are as follows:
 a) Whether plaintiff sustained an injury by accident while in the course and scope of her employment with Wal-Mart on May 4, 1998.
 b) If so, what, if any, benefits is she entitled to recover under the Workers' Compensation Act?
 c) Whether plaintiff is entitled to attorney's fees for the unreasonable defense of this matter.
 ***********
Based upon the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was forty-eight years old at the time of this hearing. She began working for Wal-Mart on December 16, 1995, as an area manager in Hope Mills, North Carolina.
2. Plaintiff's average weekly wage at the time of the incident was $900.95 per week.
3. On or about May 4, 1998, plaintiff was attempting to lift a broken dock plate on door 47, when she felt pain in her back, hip and leg. She reported the incident to her supervisor James Butler on May 5, 1998.
4. Prior to this incident, plaintiff had been seen and treated by Dr. Warren at Primary Care Plus on April 29, 1998. Plaintiff was seen and treated for ongoing depression and headaches. She did not complain of any back pain during this visit, nor had plaintiff had any problems with her back, hip and legs prior to this occasion.
5. Plaintiff was initially seen and treated for this incident on May 6, 1998 at Primary Care Plus. She had complaints of right hip and leg pain radiation to her feet. She was diagnosed with sciatica and was taken out of work. When plaintiff did not respond to her treatment she was referred to Dr. Martin Chipman, a neurologist.
6. Dr. Chipman diagnosed an acute L3-4 radiculopathy, disc bulging with some mild indentation of the spinal sac, both at L3-4 and L4-5, with possible irritation of the femoral nerve as it exits the inguinal ligament, affecting the sensory portions of the femoral nerve and the lateral femoral cutaneous nerve of the thigh. Dr. Chipman treated plaintiff with physical therapy, aqua therapy, sleeping on a hard bed, restricting her to carrying no heavy loads, and sitting in a high back chair.
7. Plaintiff was released to return to light duty on or about July 13, 1998, but defendants did not allow her to return to work. Plaintiff had restrictions of no lifting over 20 pounds without assistance, no lifting over 50 pounds with assistance, 10 minutes of sitting to rest her back each hour, no climbing ladders, and reduced hours initially.
8. Dr. Warren indicated on October 15, 1998, and the Full Commission finds as fact, that plaintiff was disabled and not able to perform her duties as a manager for at least one year or longer. Dr. Chipman gave plaintiff a 10 percent permanent partial disability to her back as a result of this incident. Plaintiff is in need and continues to receive medical treatment as a result of her injuries of May 4, 1998.
9. Plaintiff began working for another employer on May 13, 1999, at wages that were greater than or equal to the wages she was earning at the time of the incident.
10. Defendants did not defend this action without reasonable cause.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident on May 4, 1998 while in the course and scope of employment with Wal-Mart. Plaintiff is entitled to receive workers' compensation benefits as a result of the injuries.
2. Plaintiff is entitled to receive disability benefits for the periods she was unable to earn wages as a result of the injuries she sustained.
3. Plaintiff is entitled to receive medical benefits for so long as they continue to effect a cure, give relief and/or lessen plaintiff's period of disability.
4. Plaintiff sustained a 10 percent permanent partial disability to the back and is entitled to be compensated for the same after her temporary total income ended.
5. Plaintiff is not entitled to attorney fees pursuant to N.C. Gen. Stat. § 97-88.1.
6. Defendants appealed this matter. By this Opinion and Award compensation is ordered paid to plaintiff. Under these circumstances the Full Commission may award reasonable attorney fees to plaintiff's counsel pursuant to N.C. Gen. Stat. § 97-88.
 ***********
Considering the foregoing findings of fact and conclusions of law, the Full Commission makes the following:
 AWARD
1. Defendants shall pay to plaintiff total disability benefits at the rate of $532.00 per week beginning May 6, 1998 and continuing through May 13, 1999. This amount has accrued and shall be paid in one lump sum, with interest at 8 per cent per annum from August 27, 1999 until paid. Defendants shall pay directly to plaintiff's counsel one-fourth of the lump sum prior to interest and shall pay the remainder of the lump sum and all of the interest to plaintiff.
2. Defendants shall pay to plaintiff permanent partial disability benefits at the rate of $532.00 per week for the 30 weeks following May 13, 1999 for the 10 percent permanent partial disability rating to her back. This amount has accrued and shall be paid in one lump sum, with interest at 8 per cent per annum from August 27, 1999 until paid. Defendants shall pay directly to plaintiff's counsel one-fourth of the lump sum prior to interest and shall pay the remainder of the lump sum and all of the interest to plaintiff.
3. Defendants shall pay for all medical expenses incurred or to be incurred by plaintiff as a result of her compensable injury when bills for same have been submitted, for so long as such evaluations, treatments and examinations may reasonably be required to effect a cure, give relief and/or lessen plaintiff's period of disability.
4. Defendants shall pay an additional $500.00 directly to plaintiff's counsel pursuant to N.C. Gen. Stat. § 97-88.
5. Defendants shall pay the costs of this action.
This 26th day of November 2001.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER